# Exhibit A

**12-Person Jury**

Hearing Date: 11/15/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
Cook County, IL

FILED
7/16/2021 10:45 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03471

14067735

FILED DATE: 7/16/2021 10:45 AM  2021CH03471

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JANE PHAM,
Individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

CREDIT CORP SOLUTIONS, INC.

*Defendant.*

Case No.: 2021CH03471

CLASS ACTION

**JURY DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff Jane Pham, individually and on behalf of all other similarly

situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.* ("FDCPA"), for a finding that Defendant's actions violated the FDCPA

and to recover damages for Defendant's violations thereof, and alleges:

### NATURE OF THE CASE

1.  The FDCPA is a broad, remedial statute that prohibits unfair or

unconscionable collection methods, conduct which harasses or abuses any debtor,

and the use of any false or deceptive statements in connection with debt collection

attempts.

2.  In enacting the FDCPA, Congress found that: "[t]here is abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by

many debt collectors. Abusive debt collection practices contribute to the number of

FILED DATE: 7/16/2021 10:45 AM  2021CH03471

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7.     "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

## JURISDICTION AND VENUE

8.     Jurisdiction over the Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.     Venue is proper in this county pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.  In addition, the Defendant regularly does business in this county and has a registered agents located in this state. 735 ILCS 5/2-102(a).

10.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

11.     Plaintiff Jane Pham was a resident and citizen of the State of Illinois during all times relevant to this complaint.

12.     Defendant Credit Corp Solutions, Inc. ("CCS") is a Delaware corporation.  For Illinois, CCS's affidavits are signed in Utah, and CCS's website discloses a principal address at 63 East 11400 South #408, Sandy, Utah 84070.

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

13.     Defendant CCS acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

14.     Defendant CCS also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it is a debt buyer and acts through itself, or third parties, to collect alleged defaulted consumer debts on its behalf, which debts were originally owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

15.     According to the Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt").

16.     The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

17.     The Defendant alleged that Plaintiff failed to make full payment and the debt entered default and was charged off.

18.     CCS subsequently hired or retained the law firm of Shindler and Joyce to file a lawsuit against Plaintiff to collect the alleged debt.

19.     CCS, through its attorneys at Shindler and Joyce, filed a lawsuit entitled Credit Corp Solutions, Inc. v. Jane Pham, 2021-M1-108056, filed on April 19, 2021, in the Circuit Court of Cook County, Illinois, First Municipal District. (Exhibit A, Small Claims Lawsuit).

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

20. Accompanying the lawsuit was a "Credit Card or Debt Buyer Collection Action Affidavit," pursuant to Illinois Supreme Court Rule 280.2. (Exhibit B, Affidavit).

21. The affidavit was filled out Jesse Canales, a "designated agent of Credit Corp Solutions Inc" and attached to the complaint served on Plaintiff.

22. The affidavit provided the alleged name of the creditor as of the charge-off date.

23. Illinois Supreme Court Rule 280.1 states in relevant part:

> **( d) "Charge-off creditor" means the person or entity who extended credit to the natural persons involved in a consumer credit transaction on the charge-off date.**

24. The Affidavit stated, *inter alia,*

1. IDENTIFICATION ABOUT THE CONSUMER DEBT OR ACCOUNT
Complete the tables.

a. As of charge-off date:

| Full name of the creditor | Full name of the defendant as it appears on the account | Last four digits of the account number | Date the account was opened or the debt originated | Nature of the debt, (credit card debt, payday loan, retail installment loan, etc.) |
|---|---|---|---|---|
| CREDIT CORP SOLUTIONS INC | JANE PHAM | XXXX-XXXX-XXXX-4823 | on or about November 17, 2016 | Credit Card Debt |

25. Specifically, the Affidavit claimed that Credit Corp Solutions, Inc. was the creditor as of the charge-off date.

26. This was false, as CCS was not the creditor at the time of charge off.

27. This false information was communicated to Plaintiff, and to the court, with the intention that it would be relied upon.

28.     The difference between debt buyer and original creditor, or creditor at the time of charge-off, is significant both legally and financially for a consumer. A consumer may be more likely to rely on the records of an original creditor, rather than a debt buyer, in determining the amount of the debt and the veracity of principal and interest calculations, as the records are more likely to be accurate and properly authenticated. Consumers are also more likely to have knowledge of their original purported indebtedness to an original creditor, rather than a debt buyer they did not contract with.

29.     Debt buyers have a notoriously difficult time proving that they are the proper owners of the alleged debt and usually face significant difficulties when attempting to enter records from the original creditor into evidence, as it is typically hearsay.

30.     Thus, Defendant would have a significant interest in making it seem as if it were the creditor at the time the alleged debt was charged off.

31.     15 U.S.C. § 1692e of the FDCPA provides in relevant part:

> **False or misleading representations**
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>         (A)       the character, amount, or legal status of any debt; or
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

6

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

32.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA when it falsely claimed that it was the creditor at the time the alleged debt was charged off.

33.     15 U.S.C. § 1692f provides:

**Unfair Practices**
**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

34.     Defendant violated 15 U.S.C. §§ 1692f by falsely claiming that it was the creditor at the time of charge off, when this was false, to attempt to gain a litigation advantage.

35.     A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

36.     The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

<u>COUNT I</u>
<u>FAIR DEBT COLLECTION PRACTICES ACT - ON BEHALF OF A CLASS</u>

37.     Plaintiff re-alleges the preceding paragraphs as if set forth fully in this Count.

38.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA when it falsely claimed it was the creditor at the time the alleged debt was charged off.

FILED DATE: 7/16/2021 10:45 AM    2021CH03471

39.     Defendant violated 15 U.S.C. §§ 1692f by falsely claiming it was the creditor at the time of charge off, when this was false, in order to attempt to gain a litigation advantage.

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a class. The class consists of: (a) all individuals with Illinois addresses; (b) who were Defendants in a lawsuit filed by Credit Corp Solutions, Inc.; (c) to collect a consumer debt; (d) that was filed or served on or after a date one year prior to the filing of this action under the FDCPA; and (e) which stated that Credit Corp Solutions, Inc. was the creditor at the time of charge-off in the 280.1 Affidavit attached to the lawsuit.

41.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

42.     The proposed class meets all requirements under 735 ILCS 5/2-801.

43.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of the Defendant. However, it is reasonable to infer that more than 40 Illinois consumers are members of the class. Class members can be easily identified through Defendant's records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

44.    **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

(a) whether the Defendant communicated false information about the alleged debt to consumers or a third party;

(b) whether Defendant was the creditor at the time of charge-off; and

(c) whether such communications violate the FDCPA.

45.    **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the class members they seek to represent and Plaintiff intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the class members.

46.    **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or

9

FILED DATE: 7/16/2021 10:45 AM 2021CH03471

contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff asks for an award in their favor and against the Defendant as follows:

A.    Certification of the proposed class;

B.    Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

E.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

F.    Such other or further relief as the court deems proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

FILED DATE: 7/16/2021 10:45 AM  2021CH03471

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Hearing Date: 11/15/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
        Cook County, IL

FILED
7/16/2021 10:45 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03471

14067735

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

# EXHIBIT A

FILED
4/19/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 7/16/2021 10:45 AM    2021CH03471

402237

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### FIRST MUNICIPAL DISTRICT

CREDIT CORP SOLUTIONS INC, )
       )     20211108056
         Plaintiff, )   No:
   vs. )
       )   Return Date: _____
JANE PHAM, )
        Defendant. )
       )   Amount Claimed: $3,063.48   Plus Court Costs

### SMALL CLAIMS COMPLAINT

NOW COMES the Plaintiff, CREDIT CORP SOLUTIONS INC, by and through their attorneys, Shindler & Joyce, and complaining of the Defendant, states as follows:

1. The Defendant JANE PHAM, opened a credit card or line of credit account on 11/17/2016 whereby Defendant received a credit card or line of credit and could charge goods and services to their account and receive cash advances.

2. The Defendant subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due in the amount of $3,063.48.

3 For valuable consideration, CREDIT CORP SOLUTIONS INC is the assignee and bona fide owner of all right title and interest to defendant's account.

4. Due demand has been made on the Defendant to pay the amount due and owing and the Defendant has failed to do so.

5. Suit has been filed within a relevant statute of limitations.

WHEREFORE, Plaintiff prays for judgment against the Defendant for $3,063.48 plus court costs.

Shindler & Joyce
1990 E. Algonquin Rd Suite 180
Schaumburg, IL 60173
(847) 537-1000
Cook County #: 27053
DuPage County#: 21020
attorneys@shindlerlaw.com

Barrie Pressler
# 6208258

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
WILL BE USED FOR THAT PURPOSE.



FILED DATE: 7/16/2021 10:45 AM   2021CH03471

# EXHIBIT B

CREDIT CORP SOLUTIONS INC,

v.

JANE PHAM
Defendant.

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

## CREDIT CARD OR DEBT BUYER COLLECTION ACTION AFFIDAVIT
### (SUPREME COURT RULE 280.2)

INSTRUCTIONS: Provide the following information. Supreme Court Rule 280.1 provides the definitions of the terms in this Affidavit.

Comes now affiant, and states:

1. I am a designated agent of Credit Corp Solutions Inc (Plaintiff).

I am of adult age and am fully authorized by Plaintiff to make the following representations. I am familiar with the record keeping practices of Plaintiff. The following representations are true according to documents kept in the normal course of Plaintiff's business and/or my personal knowledge:

1. IDENTIFICATION ABOUT THE CONSUMER DEBT OR ACCOUNT
   Complete the tables.

   a. As of charge-off date:

| Full name of the creditor | Full name of the defendant as it appears on the account | Last four digits of the account number | Date the account was opened or the debt originated | Nature of the debt, (credit card debt, payday loan, retail installment loan, etc.) |
|---|---|---|---|---|
| CREDIT CORP SOLUTIONS INC | JANE PHAM | XXXX-XXXX-XXXX-4823 | on or about November 17, 2016 | Credit Card Debt |

   b. The most recent activity on the account prior to or after charge-off, includes:

| Charge-off Balance | Charge-off Date | Date of Last Payment | Amount of Last Payment | Total Amount of Credits and/or Payments Since Charge-off Date** |
|---|---|---|---|---|
| $3,063.48 | July 9, 2017 | | $0.00 | $0.00 |

*Last payment on the account, pre- or post-charge-off.
**Credits or payments made within 30 days of the signing of this affidavit may not be reflected.

   c. For a revolving credit account, Plaintiff further certifies that it has in its possession and can produce on request the most recent monthly statement recording a purchase, transaction last payment, or balance transfer.

2. PROOF OF OWNERSHIP OR RIGHT TO SUE FOR DEBT BUYERS

Complete the table and list the prior owners or creditors since the charge-off date. Start with the first assignment through the current creditor or owner of the consumer debt. List in chronological order, beginning with the first assignment:

| From (Name) | To (Name) | Date of Assignment |
|---|---|---|
| ORIGINAL CREDITOR: Synchrony Bank | Credit Corp Solutions Inc | 08/23/2017 |

☐ Does not apply - Plaintiff is the charge-off creditor.

3. ADDITIONAL ACCOUNT INFORMATION AFTER CHARGE-OFF

Plaintiff is seeking additional amounts after the charge-off date:

☑ No*
☐ Yes. If yes, as the charge-off date and within the last 30 days:
  ☐ Total amount of interest accrued: $.00;
  ☐ Total amount of non-interest charges or fee accrued $0;
  ☐ Plaintiff is seeking attorney's fees in the amount of $0.

Balance due and owing as of date of affidavit: $3,063.48
*Costs prayed for in the Complaint will not be reflected.

Affiants may certify their statements pursuant to section 1-109 of the Code of Civil Procedure or have their signature notarized in the manner required by law.

Under penalties as provided by law under section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that [s]he verily believes the same to be true.

Credit Corp Solutions Inc
STATE OF UTAH

COUNTY OF Salt Lake

Jesse Canales
Name of Affiant

Signature of Affiant

3-23-20
Date

Given under my hand on:
Dated: 03/23/2020

Subscribed and sworn to before me on this 23rd day of MARCH, 2020 by JESSE CANALES

Notary Public
My Commission Expires: 03/20/23

TAYLOR CARTER
Notary Public   State of Utah
Comm. No. 705311
My Commission Expires on
Mar 20, 2023

FILED DATE: 7/16/2021 10:45 AM   2021CH03471

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
7/19/2021 3:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03471

14094915

**JANE PHAM,**
Individually and on behalf of all others
similarly situated,

*Plaintiff,*

v.

**CREDIT CORP SOLUTIONS, INC.**

*Defendant.*

Case No.: **2021-CH-03471**

Court Room: **2510**

Hon. Michael T. Mullen

**JURY DEMAND**

## NOTICE OF MOTION

To:     Credit Corp Solutions, Inc.
        c/o Illinois Corporation Service Co.
        801 Adlai Stevenson Drive
        Springfield, IL 62703

Please take notice that on <u>November 15, 2021</u> at <u>9:30 a.m.</u> or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge sitting in courtroom **2510** of the Circuit Court of Cook County, **50 W. Washington, Chicago, Illinois 60602**, or any other Judge sitting in their stead and present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto.

Respectfully submitted,

By:     */s/ Bryan Paul Thompson*
        One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
Cook County Attorney I.D. #62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com

rob.harrer@cclc-law.com

Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Monday, July 19, 2021, I caused the foregoing **Memorandum in Support of Class Certification** to be filed with the Clerk and sent via process server along with the Summons and Complaint to:

**Credit Corp Solutions, Inc.**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

FILED
7/19/2021 3:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03471

14094915

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

JANE PHAM,
Individually and on behalf of all others
similarly situated,

     *Plaintiff,*

  **v.**

**CREDIT CORP SOLUTIONS, INC.**

     *Defendant.*

Case No.: **2021-CH-03471**

Court Room: **2510**

**Hon. Michael T. Mullen**


**JURY DEMAND**


## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

  Plaintiff, by and through counsel, hereby states as follows:

  1. Plaintiff seeks relief on behalf of herself and a class of similarly situated persons as alleged in her Class Action Complaint.

  2. Pursuant to 735 ILCS 5/2-801, and for the reasons stated in Plaintiff's contemporaneously filed supporting memorandum, Plaintiff respectfully requests that this action be certified for class treatment on behalf of the following proposed class:

    (a) all individuals with Illinois addresses; (b) who were Defendants in a lawsuit filed by Credit Corp Solutions, Inc.; (c) to collect a consumer debt; (d) that was filed or served on or after a date one year prior to the filing of this action under the FDCPA; and (e) which stated that Credit Corp Solutions, Inc. was the creditor at the time of charge-off in the 280.1 Affidavit attached to the lawsuit.

           Respectfully Submitted,

           By: */s/ Bryan Paul Thompson*
           One of Plaintiff's Attorneys

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
COOK COUNTY ATTORNEY ID. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

### Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Monday, July 19, 2021, I caused the foregoing **Motion for Class Certification and Memorandum in Support** to be filed with the Clerk and sent via process server along with the summons and complaint to:

**Credit Corp Solutions, Inc.**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

FILED
7/19/2021 3:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03471

14094915

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

| | |
|---|---|
| **JANE PHAM,**<br>Individually and on behalf of all others<br>similarly situated,<br><br>   *Plaintiff,*<br> **v.**<br><br>**CREDIT CORP SOLUTIONS, INC.**<br><br>   *Defendant.* | Case No.: **2021-CH-03471**<br><br>Court Room: **2510**<br><br>Hon. Michael T. Mullen<br><br><br>**JURY DEMAND** |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through counsel, moves, pursuant to 735 ILCS 5/2-801, to certify this case to proceed as a class action for a Class defined as: (a) all individuals with Illinois addresses; (b) who were Defendants in a lawsuit filed by Credit Corp Solutions, Inc.; (c) to collect a consumer debt; (d) that was filed or served on or after a date one year prior to the filing of this action under the FDCPA; and (e) which stated that Credit Corp Solutions, Inc. was the creditor at the time of charge-off in the 280.1 Affidavit attached to the lawsuit.

### Nature of the Case

Plaintiff Jane Pham brings Count I under the Fair Debt Collection Practices Act against Defendant Credit Corp Solutions, Inc. ("CCS"). Plaintiff seeks redress from the unlawful, unfair and deceptive debt collection practices perpetrated by Defendant against herself and the putative class.

1

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

Defendant began efforts to collect the alleged debt from Plaintiff and filed a debt collection lawsuit against Plaintiff on April 19, 2021, in the Circuit Court of Cook County, Illinois. (Exhibit A to Plaintiff's Class Action Complaint, Small Claims Lawsuit). Accompanying the lawsuit was a "Credit Card or Debt Buyer Collection Action Affidavit," pursuant to Illinois Supreme Court Rule 280.2. (Exhibit B to Plaintiff's Class Action Complaint, Affidavit). The affidavit was filled out by an agent of CCS and provided the alleged name of the creditor to whom the debt was owed. Illinois Supreme Court Rule 280.1 states in relevant part:

> ( d) "Charge-off creditor" means the person or entity who extended credit to the natural persons involved in a consumer credit transaction on the charge-off date.

The Affidavit stated, *inter alia,*

1. IDENTIFICATION ABOUT THE CONSUMER DEBT OR ACCOUNT
Complete the tables.

a. As of charge-off date:

| Full name of the creditor | Full name of the defendant as it appears on the account | Last four digits of the account number | Date the account was opened or the debt originated | Nature of the debt, (credit card debt, payday loan, retail installment loan, etc.) |
|---|---|---|---|---|
| CREDIT CORP SOLUTIONS INC | JANE PHAM | XXXX-XXXX-XXXX-4823 | on or about November 17, 2016 | Credit Card Debt |

Specifically, the Affidavit claimed that Credit Corp Solutions, Inc. was the creditor as of the charge-off date. This was false, as CCS was not in fact the creditor at the time of charge-off. This false information was communicated to Plaintiff, and to the court, with the intention that it would be relied upon. The difference between a debt buyer and original creditor, or creditor at the time of charge-off, is significant

FILED DATE: 7/19/2021 3:19 PM 2021CH03471

both legally and financially for a consumer. A consumer may be more likely to rely on the records of an original creditor, rather than a debt buyer, in determining the amount of the debt and the veracity of principal and interest calculations, as the records are more likely to be accurate and properly authenticated.

Defendant's material misrepresentation to Plaintiff, members of the putative class, and the court, was done in an attempt to increase its likelihood of extracting payment from consumers, regardless of its legal rights or lack thereof.

As a result, Plaintiff has pled the following violations:

A.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA when it falsely claimed it was the creditor at the time the alleged debt was charged off.

B.     Defendant violated 15 U.S.C. §§ 1692f by falsely claiming it was the creditor at the time of charge off, when this was false, in order to attempt to gain a litigation advantage.

Each of the above violations may be determined on a class basis.

**This Motion is Timely and May be Supplemented Later as Appropriate**

Plaintiff may be required to file a motion for class certification with the Complaint and is able to request leave to supplement it later. *See Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020).

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

### The Class Satisfies All Prerequisites for Certification under 735 ILCS 5/2-801

735 ILCS 5/2-801 provides: "An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

### A.     Numerosity is Met for the Class.

The first requirement for class certification is numerosity.  A proposed class should be so numerous that joinder is impracticable.  *See* 735 ILCS § 5/2-801(1). Numerosity can be inferred here as Defendant files numerous lawsuits in the Circuit Court of Cook County, Illinois, and files what appears to be a form debt-collection complaint. Based on the formulaic nature of the debt collection complaint, it is likely that Defendant has made similar allegations regarding the identity of the original creditor to many other consumers in the State of Illinois. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is in the possession of the Defendant as well as

4

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

court records, not all of which are easily located. However, class members can be easily identified through a ministerial review of the Defendant's records, and it is anticipated that more than 40 Illinois consumers received communications from Plaintiff providing a false name of the creditor to whom the debt was owed, in Defendant's debt buyer affidavit. The benchmark for numerosity in Illinois is 40:

> If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule and other factors, * * * become relevant. *Miller*, An Overview of Federal Class Actions: Past, Present, and Future, Federal Judicial Center, at 22 (1977).

*Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

Based on this, numerosity should be found and joinder of all members of each class is impracticable.

### B.     Commonality and Predominance are Met for the Class.

Plaintiff can also demonstrate the second element of certification, that there "are questions of fact or law common to the class" that "predominate over any questions affecting only individual members." 735 ILCS § 5/2-801(2). Under this standard, "so long as there is a question of fact or law that is common to the class that predominates over questions affecting only individual members of the class, the statutory requirement is met." *Clark v. TAP Pharmaceutical Products, Inc.,* 343 Ill. App. 3d. 538, 549 (5th Dist. 2003).

> A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class.

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

> In such circumstances, the common class questions still predominate the case, and the class action is not defeated...

*Brooks v. Midas-International Corp.*, 47 Ill. App. 3d 266, 273 (1st Dist. 1977); *see also Gordon v. Boden*, 224 Ill. App. 3d 195, 200-03 (1st Dist. 1991) (commonality met for manufacturer selling defective orange juice despite purported individual issues regarding purported reliance, applicable state law, and price paid).

This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation: (a) whether the Defendant communicated false information about the alleged debt to consumers or a third party; (b) whether Defendant was the creditor at the time of charge-off; and (c) whether such communications violate the FDCPA.

The only individual issue is the identification of the class members, a matter easily ascertainable from the files of the Defendant. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

C.     **Plaintiff and Class Counsel will More than Adequately Represent the Class Members' Interests.**

Plaintiff satisfies the third requirement to certify a class action in Illinois, specifically that she will "fairly and adequately protect the interests of the class." 735 ILCS § 5/2-801(3). Plaintiff is an adequate representative of the Class because

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

her interests do not conflict with the interests of the class members she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

The purpose behind the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. *See Bueker v. Madison County*, 2016 IL App (5th) 150282, 61 N.E.3d 237 (5th Dist. 2016) (*citing Hall v. Sprint Spectrum, L.P.*, 376 Ill. App. 3d 822, 831, 876 N.E.2d 1036 (2007)). Courts break down adequacy into three sub-requirements: 1) the class representative is a member of the class; 2) the class representative must not be seeking relief that is potentially in conflict with the class; 3) the class representative has the desire and ability to prosecute the claim vigorously on behalf of herself and the class members with sufficient knowledge and understanding of the litigation. *See Byer Clinic & Chiropractic, Ltd. v. Kapraun*, 48 N.E. 2d 244, 247 (1st Dist. 2016). All requirements are met by Plaintiff herein.

Further, the undersigned counsel is well experienced and capable of representing the class and have represented consumers in numerous class actions prior to this case. Plaintiff and Plaintiff's counsel have no interests adverse to, or which conflict with, the interests of other members of the Class. Plaintiff is well-informed about the allegations, merits, and risks of this litigation, and is willing to actively participate in this case. *See Wenthold v. AT&T Technologies, Inc.*, 142 Ill.

7

FILED DATE: 7/19/2021 3:19 PM    2021CH03471

App. 3d 612, 621 (1st Dist. 1986) (class representatives found adequate where record showed knowledge, persistence in prosecuting claim, and willingness to serve as representative). For these reasons, adequacy is met.

### D. The Class Action is the Appropriate Method for the Fair and Efficient Adjudication of the Controversy.

The present case is appropriate for a class action, as it would provide for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment enables a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender. This also protects judicial resources as it would allow a single judicial decision to apply to the entire class, rather than require the separate adjudication of dozens or hundreds of very similar claims.

Further, because class damages here will be predominately based on a formulaic net worth calculation, damages do not predominate over the readily proven common questions. *Bueker*, 2016 IL App (5th) 150282, ¶ 35 ("plaintiff must show that the damages are susceptible of measurement on a class-wide basis in order to maintain class certification.") In this case, statutory damages are recoverable for FDCPA violations, whether or not the consumer proves actual damages. *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The methodology for calculating damages here can be readily performed on a class-wide basis since the FDCPA itself sets the measurements, and there are no questions of individual damage calculations which would overwhelm questions common to the class.

8

FILED DATE: 7/19/2021 3:19 PM    2021CH03471

### E.    Timeliness of Plaintiff's Motion for Certification

While this case has only recently been filed, Plaintiff is presenting this motion, in part, to comply with the Illinois Supreme Court's decisions in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011) and *Joiner v. SVM Mgmt.*, 2020 IL 124671 (2020), which require that a motion for class certification be filed to avoid potential "pick-off" of the named Plaintiff by Defendant. While all facts have not been fleshed out at this point, Plaintiff and her counsel are confident that with discovery, all required information will be obtained to reasonably supplement this motion for class certification. Plaintiff would not object to this Court entering and continuing this motion to allow the parties time to adequately engage in discovery prior to Defendant filing a response or to allow an amended or supplemental motion to be filed.

Further, if briefing and certification proceed ahead now, 735 ILCS 5/2-802 provides that a class certification order may be amended later to allow for adjustment of the appropriate classes or subclasses already certified. *See Cohen v. Blockbuster Entertainment, Inc.*, 376 Ill. App. 3d 588, 595 (1st Dist. 2007) ("the trial court has a continuing obligation to take cognizance of a change in factual circumstances and to modify class certification rulings when necessary.")

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above respectfully requests that this Honorable Court certify the Class pursuant to the Illinois Class Action Statute, 735 ILCS 5/2-801, and:

(A)    Certify the case as a class action for the class members defined above;

9

FILED DATE: 7/19/2021 3:19 PM   2021CH03471

(B)   Appoint Plaintiff as Class Representative;

(C)   Appoint Chicago Consumer Law Center, P.C. and Bardo Law, P.C. as Class Counsel; and

(D)   Any and all other relief the Court deems just and proper.

**Dated:  July 19, 2021**

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

### Certificate of Service

I, Bryan Paul Thompson, an attorney, state that on Monday, July 19, 2021, I caused the foregoing **Memorandum in Support of Class Certification** to be filed with the Clerk and sent via process server along with the Summons and Complaint to:

**Credit Corp Solutions, Inc.**
**c/o Illinois Corporation Service Co.**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

10