UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE PHAM,<br><br>    Plaintiff,<br><br> v.<br><br>CREDIT CORP SOLUTIONS, INC.,<br><br>    Defendant. | No. 21 CV 4634<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to remand, [14], is granted. The Clerk shall remand this case to the Circuit Court of Cook County. Terminate civil case.

## STATEMENT

Plaintiff Jane Pham owed a debt but didn't pay. Seeking to collect, defendant Credit Corp Solutions, Inc. filed a lawsuit against her. Credit Corp attached an affidavit to its civil complaint in which it identified a "charge-off creditor" for Pham's debt. According to Pham, however, Credit Corp named the wrong creditor. Pham filed her own lawsuit against Credit Corp in state court, and alleged that Credit Corp violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f. Credit Corp removed Pham's lawsuit to this court. Pham moves to remand pursuant to 28 U.S.C. § 1447(c).

When a plaintiff files a case in state court that could have been filed originally in federal court, the defendant can remove the case to federal court. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction must prove that all elements of jurisdiction—including Article III standing—existed at the time of removal. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)). If at any time it appears that the court lacks subject-matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). I interpret the removal statute narrowly, and resolve all doubts in favor of plaintiff's choice of forum. *Shur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted).

Pham argues that she lacked Article III standing when she filed her lawsuit. *See* [14].[1] A challenge to standing—a jurisdictional requirement—can take the form of a facial or a factual attack. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). When a party launches a facial attack on standing, as in this case, the question is "whether the allegations, taken as true, support an inference that the elements of standing exist." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citing *Apex Digital*, 572 F.3d at 443–44).

Pham incurred a debt for personal, family, or household purposes. [1-1] ¶ 15. After Pham defaulted, Credit Corp filed a small-claims lawsuit against her in the Circuit Court of Cook County, Illinois. *Id.* ¶¶ 17–19. Credit Corp attached an affidavit to its lawsuit which said that Credit Corp was the creditor of Pham's debt as of the charge-off date. *Id.* ¶¶ 19–25.[2] But Credit Corp wasn't the charge-off creditor. *Id.* ¶ 26. Credit Corp intended that Pham would rely on its misrepresentation. *Id.* ¶ 27. Consumers are more likely to rely on the records of an original creditor (rather than a debt buyer), and are more likely to have knowledge of their debts to original creditors. *Id.* ¶ 28. Debt buyers often have difficulties proving that they own debts, and have trouble entering certain records into evidence. *Id.* ¶ 29.

Seeking to represent a class of similarly situated debtors, Pham filed this lawsuit in state court. [1-1]. She alleges that by identifying the wrong charge-off creditor, Credit Corp violated §§ 1692e and 1692f of the FDCPA. *Id.* ¶¶ 32–34. Pham moves to remand her suit back to state court, [14], and argues that she lacked Article III standing to bring her case in federal court. *See id.*

Federal courts have authority to decide only "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. Standing doctrine is "rooted in the traditional understanding of a case or controversy," and is a threshold requirement in every federal case. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, Credit Corp must show "(1) that [Pham] suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thornley*, 984 F.3d at 1244 (quoting *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020)). At the pleading stage, a plaintiff must clearly allege facts demonstrating each of these elements. *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint. [1].

[2] The Illinois Supreme Court defines a "charge-off creditor" as "the person or entity who extended credit to the natural persons involved in a consumer credit transaction on the charge-off date." Ill. Sup. Ct. R. 280.1(d).

The issue is whether Pham's injury is concrete. "[T]raditional tangible harms" are concrete, but some intangible harms can also support standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Concrete intangible harms are those that have a "close historical or common-law analogue." *Id.* Congress can "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law," *Spokeo*, 578 U.S. at 341 (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 578 (1992)), but not all statutory violations cause concrete harms. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (citing *Thole*, 140 S. Ct. at 1621). In a suit for damages like this one, the risk of future harm, standing alone, is not a concrete injury. *See TransUnion*, 141 S. Ct. at 2210–12.

Giving a debtor misleading information about her debt (or failing to provide accurate information) can be a concrete injury. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780–81, 785–86 (7th Cir. 2021); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280 (7th Cir. 2020). But Credit Corp needs to show that its alleged misrepresentation affected Pham in a concrete way. *See Markakos*, 997 F.3d at 780 (citing *Larkin v. Fin. Sys. of Green Bay*, Inc., 982 F.3d 1060, 1066 (7th Cir. 2020)) ("[A]n FDCPA violation might cause harm if it leads a plaintiff to pay extra money, affects a plaintiff's credit, or otherwise alters a plaintiff's response to a debt."); Restatement (Second) of Torts § 525 (Am. L. Inst. 1977) (the tort of "Fraudulent Misrepresentation" applies where a defendant makes a misrepresentation intending another to rely on it and the relying party suffers "loss caused to [her] by [her] justifiable reliance upon the misrepresentation.").

Congress enacted the FDCPA in part to prevent "deceptive" debt collection practices. *See* 15 U.S.C. § 1692(a). Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." And § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." But while the FDCPA was intended to protect debtors from deception, to show standing it isn't enough for Pham to have alleged that Credit Corp lied. *See Larkin*, 982 F.3d at 1065–66.

Credit Corp argues that its alleged misrepresentation, made during its debt-collection litigation, altered Pham's response to her debt. [17] at 5–11. Credit Corp doesn't point to anything specific that Pham did or didn't do because of the named charge-off creditor. *See id.* Instead, defendant argues that—as in *Lavallee*—it's reasonable to infer that Pham's response to her debt was "impacted" in some way by its misrepresentation, and that by identifying the wrong charge-off creditor, Credit Corp put Pham at a disadvantage in its debt-collection lawsuit. *Id.* at 5–6 (citing *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir. 2019)).

This case isn't like *Lavallee*. At issue in that case were the specific rights given to debtors under 15 U.S.C. § 1692g: concrete actions that the court inferred that a

3

debtor would have taken but for her debt collector's failure to disclose certain information. *Lavallee*, 932 F.3d at 1052–53. The rights found in 15 U.S.C. § 1692g aren't at issue here, however, *see* [1-1] ¶¶ 31–34 (alleging violations of 15 U.S.C. §§ 1692e and 1692f), and Credit Corp hasn't met its burden by showing some way that Pham altered her approach based on not knowing the real charge-off creditor for her debt. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Put differently, it isn't reasonable to infer based on the complaint's general allegations that Credit Corp's affidavit caused Pham to take some concrete detrimental action in response. *See Markakos*, 997 F.3d at 781 (a plaintiff who didn't allege how misinformation injured her lacked standing to sue); *Larkin*, 982 F.3d at 1066 (general allegations of false communications under the FDCPA, absent a showing of related harm, were insufficient under Article III).[3]

Credit Corp points out that its alleged misrepresentation was made during litigation. *See* [17] at 5–7. But while a misrepresentation made during a lawsuit might make reliance more likely or costly, the context of litigation doesn't do away with the requirement of concrete harm: here, a showing that Pham changed her approach to her debt. *See Markakos*, 997 F.3d at 780. That similar misidentifications of creditors have been found to violate the FDCPA doesn't mean that all such misrepresentations result in a concrete injury. *See Larkin*, 982 F.3d at 1065–66 (citing *Thole*, 140 S. Ct. at 1621) (not every violation of the FDCPA causes a concrete injury). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016) and *Steffek v. Client Servs., Inc.*, 948 F.3d 761 (7th Cir. 2020) didn't address Article III, and have "no force in the standing context." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 825 (7th Cir. 2014) (quoting *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011)).[4]

The complaint alleges that Pham was *at risk* of harm because she didn't know who her real charge-off creditor was. *See* [1-1] ¶¶ 28–29. But "a risk of future harm, without more, is insufficiently concrete to permit standing to sue for damages in federal court." *Ewing v. MED-1 Solutions, LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022)

---

[3] There's a second important difference between Pham's case and *Lavallee*. The plaintiff in *Lavallee* wanted to be in federal court, *see* 932 F.3d at 1052–53, while Pham filed her suit in state court. [1-1] at 2. That means that Credit Corp bears the burden of showing standing in this case. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (citation omitted). The plaintiff in a harm-by-misrepresentation case is generally in the best position to articulate the harm; so when a plaintiff wants to avoid federal court by pleading carefully and the burden is on the defendant to prove standing, the information asymmetry can have consequences to the outcome. *See also Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248–49 (7th Cir. 2021) (in general, plaintiffs may take care to steer clear of federal court).

[4] Pham's allegation of "actual damages" in her complaint's prayer for relief, *see* [1-1] at 11, doesn't change the analysis. *See Collier*, 889 F.3d at 896 (citation omitted) ("A mere reference to 'actual damages' in the complaint's prayer for relief does not establish Article III standing.").

4

(citing *TransUnion*, 141 S. Ct. at 2212–13). Pham hasn't alleged that she had to pay something extra, took any action, or been fooled at all by Credit Corp's misrepresentation. *See* [1-1]. There's an ambiguous allegation that Credit Corp's misrepresentation put Pham at a disadvantage in a debt collection lawsuit. *See* [1-1] ¶¶ 28–29. But that uncertain harm isn't as concrete as the injury inflicted in *Lavallee*, where a truthful disclosure would have given a debtor the tools to stop a collection lawsuit, a concrete lost opportunity that it was reasonable to infer the debtor would have taken after being haled into court. *See Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049, 1053–54 (7th Cir. 2019). Here, by contrast, Credit Corp hasn't shown how a misrepresentation about Pham's charge-off creditor affected her position in the small-claims case. Credit Corp can't show that it harmed Pham in a concrete way, and so Pham lacked standing to bring her FDCPA claim in federal court. *See Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020).[5]

Plaintiff's motion to remand, [14], is granted.

ENTER:

Date: March 9, 2022

Manish S. Shah
U.S. District Judge

---

[5] I decline to award costs and fees to Pham. While *Lavallee* is distinguishable, Credit Corp presented an objectively reasonable basis for removal based on that case and the notion of a litigation disadvantage as a concrete injury. Credit Corp did not remove the case to prolong the litigation (it thinks the litigation should be over for the reasons stated in its motion to dismiss, *see* [11-1]). *See Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)); 28 U.S.C. § 1447(c).